UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANITA MASON ROWLAND,
Plaintiff-Appellant,

v.

AMERICAN GENERAL FINANCE,
INCORPORATED,

No. 98-2340

Defendant-Appellee,

and

GEORGE ROACH, Regional Manager,
in his individual capacity,
Defendant.

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
James C. Turk, District Judge.
(CA-97-16-L)

Submitted: February 23, 1999

Decided: March 18, 1999

Before WILKINS and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Terry N. Grimes, KING, FULGHUM, SNEAD, NIXON & GRIMES,
P.C., Roanoke, Virginia, for Appellant. Robert C. Wood, III, Kristine

H. Smith, EDMUNDS & WILLIAMS, P.C., Lynchburg, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Anita Mason Rowland filed an action alleging, among other things, that American General Finance, Inc. (American General) discriminated against her because of her gender in violation of Title VII of the Civil Rights Act of 1964. Without the benefit of a recent ruling from this court, the district court found that Rowland failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and granted summary judgment in favor of American General. Rowland filed this appeal. We vacate the district court's judgment and remand for further consideration.

The district court concluded that the latest possible date of the discriminatory acts forming the basis of Rowland's discrimination action was March 6, 1996. Finding that Rowland was required to file her EEOC charge within 180 days of March 6, 1996, the district court held that Rowland's charge, which it found was filed September 11, 1996, was filed outside the 180-day period and was untimely.

Title VII of the Civil Rights Act of 1964 requires that discrimination charges be filed with the EEOC within 180 days of the alleged unlawful employment practice. See 42 U.S.C. § 2000e-5(e)(1) (1994). The filing period is extended to 300 days, however, when state law proscribes the alleged employment practice and the charge is initially filed with a state deferral agency. In Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 440 (4th Cir. 1998), we held that the Virginia Counsel on Human Rights (VCHR) is a deferral agency. The record shows that the EEOC transmitted Rowland's charge of discrimination

2

to the VCHR on September 17, 1996. No party argues that Virginia state law does not proscribe discrimination based on sex. <u>See</u> Va. Code Ann. § 2.1-716, 720(14) (Michie 1995 & Supp. 1998). Accordingly, Rowland had 300 days to file her charge of discrimination. Because Rowland satisfied this requirement, we vacate the district court's judgment and remand this case to the district court for further consideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>